IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
AT LINCOLN, NEBRASKA

| | |
|---|---|
| LYLE W. DULING,              ) | Case No.: _____ |
|                              ) | |
|     Plaintiff,    ) | |
|                              ) | |
| vs.                          ) | **COMPLAINT AND REQUEST** |
|                              ) | **FOR JURY TRIAL AT LINCOLN** |
| UNION PACIFIC RAILROAD COMPANY, a ) | |
| Delaware corporation,        ) | |
|                              ) | |
|     Defendant.    ) | |
|                              ) | |

COMES NOW Plaintiff, Lyle W. Duling, by and through his attorney, James L. Cox, Jr., of Rossi, Cox & Vucinovich, P.C., and by way of claim against Defendant alleges, avers and states:

<u>FIRST CLAIM FOR RELIEF</u>
45 U.S.C. §§ 51 - 60
FEDERAL EMPLOYERS' LIABILITY ACT

    1.    At all times herein mentioned, Defendant, Union Pacific Railroad Company, a corporation, was and is now a duly-organized and existing corporation doing business in the State of Nebraska and other states. Defendant was at all times herein mentioned and is now engaged in the business of a common carrier by railroad in interstate commerce in Nebraska and other states.

    2.    At all times herein mentioned, part of Plaintiff's duties as an employee of Defendant were in the furtherance of and directly or closely or substantially affected said interstate commerce.

    3.    The injuries sustained by Plaintiff hereinafter enumerated arose in the course of Plaintiff's employment with Defendant.

4. Plaintiff brings this action against Defendant under the provisions of 45 U.S.C., §§ 51 to 60, *et. seq.* ("The Federal Employers' Liability Act"); regulations promulgated under the authority of those sections; and other federal safety laws.

5. Under the terms of the Federal Employers' Liability Act this court has jurisdiction.

6. On September 3, 2005, Plaintiff was employed by Defendant, Union Pacific Railroad Company, a corporation, as a trainman and was working in Defendant's yards in Council Bluffs, Iowa.

7. On September 3, 2005, Plaintiff was assisting in doubling a train together (part of the train was on one track, and the other part was on another track). The coupling mechanism ("coupler" or "knuckle") on the car into which the cut was being shoved to couple the cars together was closed. Plaintiff attempted, in the normal manner, to lift the pin lifter to open the coupler on NATX 301560. Part way through the movement, the pin lifter suddenly stopped moving, causing the injury to plaintiff's left arm.

8. At said time and place, Defendant, Union Pacific Railroad Company, had the duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work, in, among other things:

    a. The duty to inspect, maintain, and repair the pin lifters and couplers on the cars used on its line;

    b. The duty to respond to and take reasonable efforts to prevent from happening again incidents where employees of Defendant are subjected to or likely to encounter pin lifters and couplers that fail

2

to operate as intended, or inefficiently;

    c.    The duty to comply with 49 C.F.R. Chapter II (10-1-04 Edition), F.R.A. D.O.T. §231.1(k).

    d.    The duty to comply with 49 C.F.R. Chapter II (10-1-04 Edition), F.R.A. D.O.T. §215.123, Defective Couplers.

    e.    Failure to comply with 49 C.F.R. (10-1-04 Edition) F.R.A. D.O.T. § 215.13, Pre-departure inspection.

    f.    The duty to comply with 49 U.S.C. §20302(a): "…a railroad carrier may use or allow to be used on any of its railroad lines –

    (1) a vehicle only if it is equipped with –

    (A) Couplers … capable of being uncoupled, without the necessity of individuals going between the ends of the vehicles."

9.    Defendant, through its agents, servants and employees other than the Plaintiff, negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to suffer the injuries hereinafter enumerated.

10.    By reason of the facts hereinabove set forth and as a result thereof, Plaintiff suffered the following injuries and has undergone the following treatment:

    a.    ruptured left biceps tendon;

    b.    repair of ruptured left biceps tendon on September 29, 2005.

11.    Plaintiff's injuries hereinabove enumerated have been painful and disabling, and for an indefinite time in the future will be painful and disabling, and have and will in the future

3

cause Plaintiff mental and physical pain and suffering.

12. Plaintiff's injuries hereinabove enumerated have impaired the Plaintiff's ability to enjoy life and will impair in the future Plaintiff's ability to enjoy life.

13. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays and hospitalization in a sum as yet unascertainable. Plaintiff is informed and believes and therefore alleges that he will require further medical attention as a result of said injuries.

14. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff will incur a further indebtedness for medical attention

15. By reason of the facts hereinbefore stated and the injuries caused Plaintiff thereby, Plaintiff has sustained loss of wages and loss of fringe benefits in the past, and will in the future sustain loss of wages, impairment of earning capacity and loss of fringe benefits, all to his damage, in an amount as yet unascertainable.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

SECOND CLAIM FOR RELIEF
VIOLATION OF FEDERAL REGULATION
49 C.F.R. Chapter II (10-1-04 Edition)
FEDERAL RAILROAD ADMINISTRATION, D.O.T. §231.1(k)

16. Plaintiff incorporates Paragraphs 1 through 15 in his First Claim for Relief.

17. 49 C.F.R. Chapter II (10-1-04 Edition) F.R.A. D.O.T., § 231.1(k), ". . . each car shall be equipped to meet the following specifications: (k) Uncoupling levers –

> (1) *Number.* Two. Uncoupling levers may be either single or double, and of any efficient design.
>
> (2) Dimensions. (i) Handles of uncoupling levers, except those shown on Plate B or of similar designs, shall be not more than 6 inches from sides of car."

18. A violation of this regulation results in absolute liability on Defendant for any injuries suffered by Plaintiff as a result of said violation.

19. At said time and place, the uncoupling lever was not efficient and in violation of §231.1(k) in, among other things, failing to move through its proper range of motion to open the coupler, instead stopping suddenly part way through its arc.

20. As a result of said violation, Plaintiff was caused to suffer the injuries and undergo the treatment above enumerated, and to incur the damages above enumerated.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF 49 U.S.C. §20302
### (FEDERAL SAFETY APPLICANCE ACT)

21. Plaintiff incorporates Paragraphs 1 through 15 in his First Claim for Relief.

22. 49 U.S.C. §20302, General requirements, states:

> "(a) General . . . a railroad carrier may use or allow to be used on any of its railroad lines –
>
> (1) a vehicle only if it is equipped with –
>
> (A) Couplers ... capable of being uncoupled, without the necessity of individuals going between the ends of the vehicles."

23. A violation of this statute results in absolute liability on Defendant for any injuries suffered by Plaintiff as a result of said violation.

24. At said time and place, the couplers did not uncouple in violation of 49 U.S.C. §20302.

25. As a result of said violation, Plaintiff was caused to suffer the injuries and undergo the treatment above enumerated, and to incur the damages above enumerated.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
VIOLATION OF FEDERAL REGULATION 49 C.F.R. CHAPTER II (10-1-04 Edition), FEDERAL RAILROAD ADMINISTRATION, D.O.T. §215.123

26. Plaintiff incorporates Paragraphs 1 through 15 in his First Claim for Relief.

27. 49 C.F.R. Chapter II (10/1/04 Edition) FRA DOT §215.123, Defective couplers, states:

> a. "A railroad may not place or continue in service a car if –

  (d) The car has a knuckle pin or knuckle thrower that is

    (1) Missing; or

    (2) Inoperative; or

  (e) The car has a coupler retainer pin lock that is

    (1) Missing; or

    (2) Broken; or

  (f) The car has a coupler with any of the following conditions:

    (1) The lock lift is inoperative; or

    (3) The coupler lock is --

      (i) Missing;

      (ii) Inoperative;

      (iii) Bent;

      (iv) Cracked; or

      (v) Broken."

  28. A violation of this regulation results in absolute liability on Defendant for any injuries suffered by Plaintiff as a result of said violation.

  29. At said time and place, the uncoupling of the coupler was in violation of §215.123, and as a result of said violation, Plaintiff was caused to suffer the injuries and undergo the treatment above enumerated, and to incur the damages above enumerated.

  WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other

relief this honorable Court deems just and proper.

FIFTH CLAIM FOR RELIEF
45 U.S.C. §51-60
FEDERAL EMPLOYERS' LIABILITY ACT

30. Plaintiff incorporates Paragraphs 1 through 29.

31. Plaintiff was allowed to return to work by Defendant's Health Services Department on May 30, 2006, as a conductor.

32. Early in June 2006, Plaintiff was working as a conductor when he re-ruptured his left biceps tendon that had been repaired on September 29, 2005.

33. At the time of evaluation of Plaintiff's for fitness for duty by Defendant's Health Services Department, Defendant, Union Pacific Railroad Company, had the duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work in, among things, the duty to exercise reasonable care to determine that Plaintiff was fit for duty and assign him tasks for which he was physically capable.

34. Defendant, through its agents, servants and employees, negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to re-rupture his left biceps tendon, as a result of which Plaintiff has been unable to return to work for Defendant, Union Pacific Railroad Company.

35. By reason of the facts hereinabove set forth and as a result thereof, Plaintiff suffered the following injury:

  a. re-rupture of his left biceps tendon.

36. Plaintiff's injuries hereinabove enumerated have been painful and disabling, and for an indefinite time in the future will be painful and disabling, and have and will in the future

8

cause Plaintiff mental and physical pain and suffering.

37. Plaintiff's injuries hereinabove enumerated have impaired the Plaintiff's ability to enjoy life and will impair in the future Plaintiff's ability to enjoy life.

38. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays and hospitalization in a sum as yet unascertainable. Plaintiff is informed and believes and therefore alleges that he will require further medical attention as a result of said injuries.

39. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff will incur a further indebtedness for medical attention

40. By reason of the facts hereinbefore stated and the injuries caused Plaintiff thereby, Plaintiff has sustained loss of wages and loss of fringe benefits in the past, and will in the future sustain loss of wages, impairment of earning capacity and loss of fringe benefits, all to his damage, in an amount as yet unascertainable.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED HEREIN.

Signed at Denver, Colorado this 9th day of April, 2007.

_____
James L. Cox, Jr., #20223
Attorney for Plaintiff
Rossi, Cox & Vucinovich, P.C.
3801 E. Florida Ave., Suite 905
Denver, CO  80210-2500
Telephone: (303) 759-3500
Fax: (303) 759-3180
jcox@rcvpc.com

Plaintiff's address:
20477 N. Llama Rd.
Stapleton, NE  69163-9624

10